# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-30350
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DENNIS JAMES MCGEHEE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20064-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dennis James McGehee appeals from his conviction of possession of child pornography. He challenges the district court's decision to depart upwardly from the guideline sentencing range of 63-78 months of imprisonment to the statutory maximum term of 10 years of imprisonment. See 18 U.S.C. § 2252(b)(2).

We review a sentence above the guideline sentencing range under the abuse-of-discretion standard. First, we examine whether the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall v. United States, No. 06-7949, 2007 WL 4292116, *7 (2007). If the district court's departure or variance decision is procedurally sound, we then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. We take into account the totality of the circumstances, and we may consider the extent of the departure or variance, but we "give due deference to the district court's determination that the § 3553(a) factors, on a whole, justify the extent of the variance. " Id.

McGehee does not dispute the district court's guideline sentencing calculations. Moreover, the probation officer correctly calculated McGehee's offense level and criminal history score. Nor does McGehee dispute the facts on which the district court based the departure. The district court was not prohibited from taking the facts underlying McGehee's state-court conviction into account when determining his federal sentence. See U.S.S.G. § 1B1.4. The district court stated that it chose the 120-month sentence because it was necessary to protect the public from future criminal conduct, a factor listed in 18 U.S.C. § 3553(a)(2)(C).

McGehee is correct that the guideline calculations took into account his activities involving the sexual abuse of children. However, the commentary to the guideline governing McGehee's offense provides that "an upward departure may be warranted if the defendant received an enhancement under subsection (b)(5) but that enhancement does not adequately reflect the seriousness of the sexual offense or exploitation involved." § 2G2.2, comment. (n.6). Additionally, the policy statement governing upward departures generally allows for a departure from the guideline range in child sexual offenses in which there exists

an aggravating circumstance "to a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." § 5K2.0 (a)(1)(B), p.s. The district court cited § 5K2.0 in the statement of reasons. The district court did not procedurally err by upwardly departing.

McGehee molested seven children between the ages of six and nine on more than 100 occasions. McGehee's conduct at the First Baptist Church, his victimization of foster children in his care, and his own statement in his letter that he was involved in the Big Brothers/Big Sisters program, indicated that he made use of religious and social service institutions and programs to gain access to children for his sexual gratification. McGehee did not curb his predatory behavior at the First Baptist Church, even after being counseled to do so, suggesting that he might resume the same kind of conduct were he to gain access to children in the future. The district court's skepticism about McGehee's acceptance of responsibility was warranted in light of the phraseology used in McGehee's letter to the court, referring to his crimes as "unfortunate incidents" and "errors," and attempting to use his participation in the institutions and programs that he abused to bolster his credibility. The decision to depart upwardly was not an abuse of discretion. Taking into account the totality of circumstances in McGehee's case, the departure from the guideline range of 63-78 months to the statutory maximum of 10 years was reasonable under the abuse-of-discretion standard. See Gall, 2007 WL 4292116 at *7.

AFFIRMED.